UNITED STATES DISTRICT COURT FOR THE
Northern District of Illinois – Eastern Division

| | | |
|---|---|---|
| Loidy Tang as Independent Administrator of the Estate of Antonia Gramajo, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No: 18-cv-07091 |
| Kyunghee Kim, D.O. and United States of America, | ) ) ) ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff Loidy Tang as Special Administrator of the Estate of Antonia Gramajo, deceased, by and through her attorneys, Kelly & Ignoffo Law Group, P.C., and for her First Amended Complaint At Law against Defendant Kyunghee Kim, D.O. and United States of America, states as follows:

**COUNT I – Wrongful Death - Healing Art Malpractice – Kyunghee Kim, D.O.**

1. On and between May 13, 2016 through and including November 4, 2017 and at all time material, Plaintiff Loidy Tang was the daughter of Plaintiff's Decedent Antonia Gramajo and a resident of the State of Illinois.

2. Plaintiff Loidy Tang has been duly appointed in the Circuit Court of Cook County Probate Division as the Independent Administrator of the Estate of Antonia Gramajo, deceased, and has legal standing to bring this action.

3. On and between May 13, 2016 through and including November 25, 2016 and at all time material, Defendant Kyunghee Kim, D.O. was a physician duly licensed to practice medicine in the State of Illinois and was an employee of Erie Foster Avenue

Health Center, a federally funded clinic, and as such was acting as an employee or otherwise on behalf or with the consent of Defendant United States of America.

4. On and between May 13, 2016 through and including November 25, 2016 and at all time material, Defendant Kyunghee Kim, D.O. provided medical care and treatment to Antonia Gramajo, deceased, at Erie Foster Avenue Health Center (hereinafter "Erie Foster") in the capacity as an employee or otherwise on behalf or with the consent of Defendant United States of America.

5. Plaintiff's Decedent Antonia Gramajo presented to Defendant Kyunghee Kim, D.O. at Erie Foster on May 13, 2016 with a recent history of gynecologic pain and bleeding as well as abnormal pelvic imaging from Northshore Evanston Hospital on May 6, 2016.

6. Plaintiff's Decedent Antonia Gramajo returned to see Defendant Kyunghee Kim, D.O. on or about May 31, 2016; June 10, 2016; and June 24, 2016 and in conjunction with said visits expressed persistent complaints of gynecological spotting/bleeding.

7. At no point on or between May 13, 2016 through and including June 24, 2016, did Defendant Kyunghee Kim, D.O. request the recent abnormal imaging from Northshore Evanston Hospital nor did she perform a full pelvic exam or endometrial biopsy on Plaintiff's Decedent Antonia Gramajo.

8. On or about November 23, 2016, Plaintiff's Decedent Antonia Gramajo presented to Swedish Covenant Hospital where she underwent pelvic ultrasound and CT due to pelvic pain and bleeding which was suspicious for endometrial carcinoma.

9. On or about November 26, 2016, Plaintiff's Decedent Antonia Gramajo presented to Swedish Covenant Hospital where she underwent an endometrial biopsy which was suspicious for endometrial carcinoma.

10. On or about December 6, 2016, Plaintiff's Decedent Antonia Gramajo underwent an exploratory laparotomy and abdominal hysterectomy which, through pathology, confirmed extensively metastasized stage IV endocervical adenocarcinoma.

11. On or about November 4, 2017, Plaintiff's Decedent Antonia Gramajo passed away from endometrial carcinoma.

12. On or between May 13, 2016 through and including June 24, 2016, while under the care and treatment of Defendant Kyunghee Kim, D.O., Plaintiff's Decedent Antonia Gramajo had endometrial carcinoma.

13. On or between May 13, 2016 through and including June 24, 2016, while under the care and treatment of Defendant Kyunghee Kim, D.O., Plaintiff's Decedent Antonia Gramajo's endometrial carcinoma was diagnosable, treatable and/or curable.

14. On or between May 13, 2016 through and including June 24, 2016 and at all time material, Defendant Kyunghee Kim, D.O. had a duty to provide medical care and treatment to Plaintiff's Decedent Antonia Gramajo in a manner consistent with the prevailing standard of care.

15. Notwithstanding said duty, on or between May 13, 2016 through and including June 24, 2016, Defendant Kyunghee Kim, D.O. violated the standard of care and was negligent in one or more of the following ways:
    a. failing to perform an endometrial biopsy;
    b. failing to conduct a full pelvic exam; and,
    c. failing to order and review the diagnostic imaging performed at Northshore Evanston Hospital on May 6, 2016.

16. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions by Defendant Kyunghee Kim, D.O., Plaintiff's Decedent Antonia Gramajo was injured causing her to endure conscious pain and suffering until her death on or about November 4, 2017.

17. Antonia Gramajo is survived by her adult children Loidy Tang and Eduardo Vasquez.

18. Loidy Tang, the duly appointed Independent Administrator of the Estate of Antonia Gramajo, brings this action pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, *et. seq.*

19. Attached hereto is the Affidavit of Counsel for Plaintiff and the corresponding Physician Report as required by 735 ILCS 5/2-622.

20. Attached hereto is the Affidavit of One of the Attorney's for Plaintiff pursuant to Illinois Supreme Court Rule 222(b).

WHEREFORE, Plaintiff Loidy Tang as Special Administrator of the Estate of Antonia Gramajo, deceased, demands judgment in her favor and against Defendant Kyunghee Kim, D.O. in an amount in excess of the jurisdictional amount of this court.

### Count II – Healing Art Malpractice – Kyunghee Kim, D.O. – Survival

1-15. Plaintiff restates and re-alleges paragraphs one (1) through fifteen (15) of Count I of this Complaint as though fully stated and set-forth herein as paragraphs one (1) through fifteen (15) of this Count II.

16. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions by Defendant Kyunghee Kim, D.O., Antonia Gramajo suffered conscious pain and suffering and had she survived, would have been entitled to bring this action and thus this action survives her death pursuant to the Illinois Survival Act.

17. Attached hereto is the Affidavit of Counsel for Plaintiff and the corresponding Physician Report as required by 735 ILCS 5/2-622.

18. Attached hereto is the Affidavit of One of the Attorney's for Plaintiff pursuant to Illinois Supreme Court Rule 222(b).

WHEREFORE, Plaintiff Loidy Tang as Special Administrator of the Estate of Antonia Gramajo, deceased, demands judgment in her favor and against Defendant Kyunghee Kim, D.O. in an amount in excess of the jurisdictional amount of this court.

### COUNT III – Wrongful Death – United States of America

1-14. Plaintiff re-states and re-alleges paragraphs one (1) through fourteen (14) of Count I of this Complaint as though fully stated and set forth herein as paragraphs one (1) through fourteen (14) of this Count III.

15. On or between May 13, 2016 through and including June 24, 2016, and at all time material, Defendant United States of America, by and through the nature of the legal relationship with Defendant Kyunghee Kim, D.O. and Erie Foster, had a duty to provide medical care and treatment to Plaintiff's Decedent Antonia Gramajo in a manner consistent with the prevailing standard of care.

16. Notwithstanding said duty, on or between May 13, 2016 through and including June 24, 2016, Defendant United States of America violated the standard of care and was negligent in one or more of the following ways:
    a. failing to perform an endometrial biopsy;
    b. failing to conduct a full pelvic exam; and,

      c. failing to order and review the diagnostic imaging performed at Northshore Evanston Hospital on May 6, 2016

17. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions by Defendant United States of America, Plaintiff's Decedent Antonia Gramajo was injured causing her to endure conscious pain and suffering until her death on or about November 4, 2017.

18. Antonia Gramajo is survived by her adult children Loidy Tang and Eduardo Vasquez.

19. Attached hereto is the Affidavit of Counsel for Plaintiff and the corresponding Physician Report as required by 735 ILCS 5/2-622.

20. Attached hereto is the Affidavit of One of the Attorney's for Plaintiff pursuant to Illinois Supreme Court Rule 222(b).

WHEREFORE, Plaintiff Loidy Tang as Special Administrator of the Estate of Antonia Gramajo, deceased, demands judgment in her favor and against Defendant United States of America in an amount in excess of the jurisdictional amount of this court.

## Count IV – Survival – United States of America

1-16. Plaintiff restates and re-alleges paragraphs one (1) through sixteen (16) of Count III of this Complaint as though fully stated and set-forth herein as paragraphs one (1) through sixteen (16) of this Count IV.

19. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions by Defendant United States of America, Antonia Gramajo suffered conscious pain and suffering and had she survived, would have been entitled to bring this action and thus this action survives her death pursuant to the Illinois Survival Act.

20. Attached hereto is the Affidavit of Counsel for Plaintiff and the corresponding Physician Report as required by 735 ILCS 5/2-622.

21. Attached hereto is the Affidavit of One of the Attorney's for Plaintiff pursuant to Illinois Supreme Court Rule 222(b).

WHEREFORE, Plaintiff Loidy Tang as Special Administrator of the Estate of Antonia Gramajo, deceased, demands judgment in her favor and against Defendant United States of America in an amount in excess of the jurisdictional amount of this court.

        Loidy Tang, as Special Administrator
        of the Estate of Antonia Gramajo, Deceased

    By:  _/s/ Gregory R. Ignoffo_____
        Kelly & Ignoffo Law Group, P.C. –
        Attorneys for Plaintiff

John G. Kelly (ARDC #6192918)
Gregory R. Ignoffo (ARDC #6283134)
**Kelly & Ignoffo Law Group, P.C.**
200 W. Jackson – Suite 400
Chicago, Illinois 60606
(312) 346-3390
Fax: (312) 346-6549
firm@kellyignoffo.com

UNITED STATES DISTRICT COURT FOR THE
Northern District of Illinois – Eastern Division

| | |
|---|---|
| Loidy Tang as Independent Administrator of the Estate of Antonia Gramajo, deceased,<br><br>  Plaintiff,<br><br>  v.<br><br>Kyunghee Kim, D.O. and United States of America,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No: 18-cv-07091<br>)<br>)<br>)<br>)<br>)<br>) |

## ATTORNEY AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622

I, Gregory R. Ignoffo, being first duly sworn on oath, state as follows:

1. I am an attorney duly licensed to practice law in the State of Illinois. I have reviewed the facts of this case and have consulted with a board certified physician whom I believe is knowledgeable as to the respective relevant issues involved in this action, is qualified by experience and demonstrated competence in the subject matter of this case, and who practices, has practiced, or is otherwise knowledgeable in the same area of medicine as Defendant Kyunghee Kim, D.O.

2. The consultant has prepared a written report, a copy of which is attached, after reviewing the medical records and other relevant material, determining that there is a reasonable and meritorious cause for filing this action against the above named defendant; and, I have concluded, after conducting a Section 2-622 investigation of this case, and the reviewing health care professional report and consultations, that there is a reasonable and meritorious cause for filing this action.

3. The plaintiff has not previously voluntarily dismissed any action based upon the same or substantively same acts, omissions or occurrences.

FURTHER AFFIANT SAYETH NAUGHT

_____
Gregory R. Ignoffo

SUBSCRIBED and SWORN to before
me this 3rd day of December 2018

_____
Notary Public

1

**Kelly & Ignoffo Law Group, P.C.**
200 W. Jackson – Suite 400
Chicago, Illinois 60606
(312) 346-3390
Fax: (312) 346-6549
firm@kellyignoffo.com

UNITED STATES DISTRICT COURT FOR THE
Northern District of Illinois – Eastern Division

| | | |
|---|---|---|
| Loidy Tang as Independent Administrator of the Estate of Antonia Gramajo, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No: 18-cv-07091 |
| Kyunghee Kim, D.O. and United States of America, | ) ) ) | |
| Defendants. | ) | |

## HEALTHCARE PROFESSIONAL REPORT

1. I am a physician licensed to practice medicine in the State of Missouri and am Board Certified in Obstetrics & Gynecology as well as Gynecologic Oncology. I currently practice, and have practiced for a period of no less than 10 years, full-time in the same area of medicine as Kyunghee Kim, D.O. I am further familiar by way of my knowledge, background, education, training, and experience with the care and treatment of patients such as Antonia Gramajo while she was under the care Dr. Kim in 2016. As an obstetrician and gynecologist, I am qualified to render opinions as to the care and treatment Dr. Kim provided to Ms. Gramajo. As a gynecologic oncologist, I am qualified to render opinions relative to the impact that care had on Ms. Gramajo's endometrial carcinoma and its relation to her death.

2. I have reviewed the medical records of care and treatment rendered to Antonia Gramajo from May 2016 through the time of her death in November 2017. These records include treatment at Northshore University Health System, Erie Foster Avenue Health Center, Swedish Covenant, and Presence St. Joseph.

3. After my review of the records, I consulted with John G. Kelly and Gregory R. Ignoffo of Kelly & Ignoffo Law Group, P.C., attorneys for the family of Antonia Gramajo.

4. Based upon my review of the records and my consultation with Mr. Kelly and Mr. Ignoffo, and in my professional opinion, Ms. Gramajo's medical deterioration and subsequent death was the result of the multiple failures of Kyunghee Kim, D.O. to appropriately provide medical care and treatment to Ms. Gramajo in compliance with the standard of care.

5. The standard of care required one or more, if not all, of the following by Kyunghee Kim, D.O.: 1) perform an endometrial biopsy during the course of treatment in May/June 2016; 2) conduct a full pelvic exam during the course of treatment in

1

      May/June 2016; and, 3) request and review the diagnostic imaging performed at Northshore Evanston Hospital on May 6, 2016. Had the standard of care been followed by Dr. Kim in May or June 2016 a far less invasive endocervical adenocarcinoma would have been diagnosed and treatment would have been initiated in late-June or early-July 2016. The delay between May 2016 and the diagnosis in late-November 2016 resulted in substantial disease progression impairing available treatment options, negatively impacting the efficacy of available treatment, and substantially reducing survival rates as well as impairing Ms. Gramajo's overall prognosis which caused or otherwise caused her conscious pain and suffering leading to her death on November 4, 2017.

6. As such, it is my professional opinion that negligence occurred in the course of medical treatment of Antonia Gramajo and that the acts and/or omissions as described herein were a significant breach of the standard of care and caused her injuries, pain, suffering and death.

_____
David Mutch, M.D.

2

UNITED STATES DISTRICT COURT FOR THE
Northern District of Illinois – Eastern Division

| | | |
|---|---|---|
| Loidy Tang as Independent Administrator of the Estate of Antonia Gramajo, deceased,<br><br>Plaintiff,<br><br>v.<br><br>Kyunghee Kim, D.O. and United States of America,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | No: 18-cv-07091 |

## AFFIDAVIT OF COUNSEL FOR PLAINTIFF PURSUANT TO RULE 222(b)

I, Gregory R. Ignoffo, being first duly sworn on oath, state:

1. I am an attorney for the law firm of Kelly & Ignoffo Law Group, P.C., 200 W. Jackson - Suite 400, Chicago, Illinois 60606, and one of the attorneys handling the preparation and trial of the above-entitled matter.

2. Pursuant to Supreme Court Rule 222(b), the total money damages to be sought by Plaintiff exceeds FIFTY THOUSAND DOLLARS ($50,000).

FURTHER, AFFIANT SAYETH NOT.

_____
Gregory R Ignoffo

SUBSCRIBED and SWORN to before
me this 3rd day of December 2018

_____
Notary Public

**Kelly & Ignoffo Law Group, P.C.**
200 W. Jackson – Suite 400
Chicago, Illinois 60606
(312) 346-3390
Fax: (312) 346-6549
firm@kellyignoffo.com

1